UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

CASE NO.: 1:20-cv-440

PAUL SLATTER,

      Plaintiff,

vs.

CHESAPEAKE ENERGY CORPORATION,
CHESAPEAKE OPERATING, LLC.,
TRIPLE BS CONSULTING, LLC.,
AFS PETROLOGIX, LLC.

      Defendants.

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, PAUL SLATTER ("PLAINTIFF"), through counsel, sues Defendants, CHESAPEAKE ENERGY CORPORATION, CHESAPEAKE OPERATING, LLC., TRIPLE BS CONSULTING, LLC., and AFS PETROLOGIX, LLC. (Collectively "DEFENDANTS") and alleges the following:

1. This is an action for damages within the jurisdiction of this court wherein Plaintiff alleges that Defendants violated the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

1

2. At all times material hereto, Plaintiff was an FLSA non-exempt hourly worker (i.e. a "safety advisor") who has been not paid and/or denied overtime pay required by law, for which he now seeks recovery.

3. Plaintiff resides in this court's venue and is a past employee of Defendants.

4. At all times material hereto, Defendant, CHESAPEAKE ENERGY CORPORATION was a foreign ("Oklahoma") corporation engaged in the business of discovering and developing of oil and natural gas assets and in gas gathering and compression, was licensed to transact business in the State of Texas, conducted business in this court's venue, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, CHESAPEAKE OPERATING, LLC. was a foreign ("Oklahoma") limited liability company engaged in the business of discovering and developing of oil and natural gas assets and in gas gathering and compression, was licensed to transact business in the State of Texas, conducted business in this court's venue, was an "employer" of the Plaintiff within the

meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

6. At all times material hereto, Defendant, TRIPLE BS CONSULTING, LLC., was a foreign ("Louisiana") limited liability company engaged in the staffing of employees to the oil industry, conducted business in this court's venue, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

7. At all times material hereto, Defendant, AFS PETROLOGIX, LLC, was a foreign ("Louisiana") limited liability company engaged in the staffing of employees to the oil industry, conducted business in this court's venue, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

8. At all times material hereto, from about April 24, 2017 to November 3, 2017) Defendant, TRIPLE BS CONSULTING, LLC. hired and placed

Plaintiff as a "Safety Consultant" with Defendants, CHESAPEAKE ENERGY CORPORATION and CHESAPEAKE OPERATING, LLC.

9. At all times material hereto, from about November 4, 2017 to April 16, 2020) Defendant, TRIPLE BS CONSULTING, LLC. hired and placed Plaintiff as a "Safety Consultant" with Defendants, CHESAPEAKE ENERGY CORPORATION and CHESAPEAKE OPERATING, LLC.

10. At all times material hereto, both Defendants CHESAPEAKE ENERGY CORPORATION and CHESAPEAKE OPERATING, LLC. jointly controlled Plaintiff's employment thereby qualifying them as joint employers as more fully defined by 29 C.F.R. 791.2(a).

11. In justifiable reliance upon Defendants' collective representations and promises of payment, Plaintiff accepted employment and worked for Defendants.

12. During the subject time period, Defendants failed to pay Plaintiff the required overtime as mandated by the FLSA.

13. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## <u>VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")</u>
## <u>(ALL DEFENDANTS)</u>

15.    Plaintiff reavers and realleges paragraphs 1-14 herein.

16.    Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time and-a-half overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17.    Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Law Offices of Goldberg & Loren, P.A.
1776 N. Pine Island Rd.
Suite 224
Plantation, FL 33322
Phone:    (954) 585-4878
Facsimile:    (954) 585-4886
E-Mail:    JLoren@goldbergloren.com

_____
James M Loren, Esquire
Fla Bar No.: 0055409