UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

CASE NO.:  1:20-cv-440

PAUL SLATTER,

       Plaintiff,

vs.

CHESAPEAKE ENERGY CORPORATION,
CHESAPEAKE OPERATING, LLC.,
TRIPLE BS CONSULTING, LLC.,
AFS PETROLOGIX, LLC.

       Defendants.
_____/

**FIRST AMENDED COMPLAINT**
*{Jury Trial Demanded}*

    Plaintiff, PAUL SLATTER ("PLAINTIFF"), through counsel, sues Defendants, CHESAPEAKE ENERGY CORPORATION, CHESAPEAKE OPERATING, LLC., TRIPLE BS CONSULTING, LLC., and AFS PETROLOGIX, LLC. (Collectively "DEFENDANTS") and alleges the following:

1.     This is an action for damages within the jurisdiction of this court wherein Plaintiff alleges that Defendants violated the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work.  *See*, 29 U.S.C. § 207(a).

1

2. At all times material hereto, Plaintiff was an FLSA non-exempt hourly employee (i.e. a "safety advisor") who has been not paid and/or denied overtime pay required by law, for which he now seeks recovery.

3. Plaintiff resides in this court's venue and is a past employee of Defendants.

4. At all times material hereto, Defendant, CHESAPEAKE ENERGY CORPORATION was a foreign ("Oklahoma") corporation engaged in the business of discovering and developing of oil and natural gas assets and in gas gathering and compression, was licensed to transact business in the State of Texas, conducted business in this court's venue, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, CHESAPEAKE OPERATING, LLC. was a foreign ("Oklahoma") limited liability company engaged in the business of discovering and developing of oil and natural gas assets and in gas gathering and compression, was licensed to transact business in the State of Texas, conducted business in this court's venue, was an "employer" of the Plaintiff within the

meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

6. At all times material hereto, Defendant, TRIPLE BS CONSULTING, LLC., was a foreign ("Louisiana") limited liability company engaged in the staffing of employees to the oil industry, conducted business in this court's venue, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

7. At all times material hereto, Defendant, AFS PETROLOGIX, LLC, was a foreign ("Louisiana") limited liability company engaged in the staffing of employees to the oil industry, conducted business in this court's venue, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

8. At all times material hereto, from about April 24, 2017 to November 3, 2017), Defendants, CHESAPEAKE ENERGY CORPORATION and CHESAPEAKE OPERATING, LLC. hired Plaintiff as a "Safety

Consultant" and required him as a condition of employment, to register with a third-party staffing agency/Defendant, AFS PETROLOGIX, LLC.

9. At all times material hereto, from about November 4, 2017 to April 16, 2020) Defendants, CHESAPEAKE ENERGY CORPORATION and CHESAPEAKE OPERATING, LLC. hired Plaintiff as a "Safety Consultant" and required him as a condition of employment, to register with a third-party staffing agency/Defendant, TRIPLE BS CONSULTING, LLC.

10. Although Defendants, CHESAPEAKE ENERGY CORPORATION and CHESAPEAKE OPERATING, LLC. hired Plaintiff, controlled Plaintiff's pay rate and terms and conditions of employment, all payroll would be processed by Defendants, AFS PETROLOGIX, LLC, and/or TRIPLE BS CONSULTING, LLC. and said Defendants would derive a commission from said arrangement and in exchange for same, would list themselves as Plaintiff's employer and issue Plaintiff's pay check and corresponding tax documents.

11. At all times material hereto, both Defendants CHESAPEAKE ENERGY CORPORATION and CHESAPEAKE OPERATING, LLC. jointly controlled Plaintiff's employment thereby qualifying them as

joint employers as more fully defined by 29 C.F.R. 791.2(a). Specifically, amongst other things, said Defendants hired and fired Plaintiff, determined locations and which customers employment would take place, fully controlled Plaintiff's pay rate, maintained a personnel file on Plaintiff, controlled his day to day duties and assigned job tasks and responsibilities, had Plaintiff perform specialized tasks on behalf of said Defendants and required Plaintiff to work exclusively for said Defendants.

12. In justifiable reliance upon Defendants' collective representations and promises of payment, Plaintiff accepted employment and worked for Defendants.

13. During the subject time period, Defendants failed to pay Plaintiff the required overtime as mandated by the FLSA. Specifically, depending on the time period worked, Plaintiff, who was an hourly employee, was required to work 14 or 21 days straight for 12 hours per day without receiving the required overtime premium.

14. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

15. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## <u>VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")</u>
## <u>(ALL DEFENDANTS)</u>

16. Plaintiff reavers and realleges paragraphs 1-15 herein.

17. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time and-a-half overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

18. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

    Respectfully submitted,

    Law Offices of Goldberg & Loren, P.A.
    1776 N. Pine Island Rd.
    Suite 224
    Plantation, FL 33322
    Phone:    (954) 585-4878
    Facsimile:    (954) 585-4886
    E-Mail:    JLoren@goldbergloren.com

    _____
    James M Loren, Esquire
    Fla Bar No.: 0055409

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on June 9, 2020 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

By: */s/ James M. Loren, Esq.*
James M. Loren

**SERVICE LIST**

Littler Mendelson, P.C.
David B. Jordan, Esq.
1301 McKinney Street
Suite 1900
Houston, TX 77010
Via CM/ECF: djordan@littler.com
              pcantrell@littler.com

Triple BS Consulting, LLC.
Register Agent: Courtney Lynn Hylton
204 Whitehead Lane
Leesville, LA 71446
Via U.S. Mail

AFS Petrologix, LLC.
Registered Agent: Lane Gremillion
4018 Highway 90 West
New Iberia, LA 70560
Via U.S. Mail