IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAUL SLATTER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:20-CV-440-RP |
| CHESAPEAKE ENERGY CORPORATION, et al. | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court are Plaintiff Paul Slatter's ("Slatter") Motion for Default Judgment, (Dkt. 23), Defendant Triple BS Consulting, LLC's ("Triple") Motion to Set Aside Entry of Default, (Dkt. 24), Triple's Motion for Leave to File an Original Answer, (Dkt. 25), and the responsive pleadings, (Dkts. 26, 27, 29). After reviewing the pleadings, relevant case law, and the record, the Court issues the following order.

**I. Background**

Slatter filed his complaint on April 24, 2020 against Triple, AFS Petrologix, LLC ("AFS"), Chesapeake Operating, LLC, and Chesapeake Energy Corporation (the "Chesapeake Defendants").[1] (Dkt. 1). The summons was returned executed as to Triple on June 23, 2020. (Dkt. 15). Following Triple's failure to plead, respond, or otherwise defend against the action, the Clerk of the Court entered default against Triple. (Dkt. 21). Slatter then filed a Motion for Default Judgment. (Dkt. 23). Before the Court ruled on that motion, Triple filed a Motion to Set Aside Entry of Default, (Dkt. 24), and a Motion for Leave to File Original Answer, (Dkt. 25).

---

[1] Slatter's claims against the Chesapeake Defendants are stayed pursuant to 11 U.S.C. § 362. (Order, Dkt. 18).

1

## II. Standard of Review

An entry of default may be set aside simply "for good cause." Fed. R. Civ. P. 55(c). Defaults "are not favored," and "their strict enforcement 'has no place in the Federal Rules.'" *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. FDIC*, 934 F.2d 681, 685 (5th Cir. 1991)). The Fifth Circuit, specifically, has adopted a policy "in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese Manufactured Drywall Products Liability Litigation*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). The requirement of "good cause" has thus been interpreted liberally. *Id.* In making this determination, the court should consider: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting it aside would prejudice the adversary. *Id.* (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). These factors are not exclusive; rather, "they are to be regarded simply as a means to identify good cause." *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id.* Weighing these factors against considerations of social goals, justice, and expediency is a process that "lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936.

## III. Discussion

### A. Triple's Motion to Set Aside Entry of Default

Triple's Motion to Set Aside Entry of Default alleges that its failure to appear was not willful and instead was a clerical mistake, that Slatter would not be prejudiced by setting aside the entry of default because the Clerk's entry of default was just 40 days ago, and that Triple has meritorious defenses. (Defs.' Mot. Set Aside Entry of Default, Dkt. 24, at 3–5). Specifically, Triple alleges that its failure to timely file an answer was the result of a miscommunication with its insurance company. (*Id.* at 3–4). As Courtney Whitehead ("Whitehead"), the owner of Triple, explained in her affidavit: (1) she

received the complaint and sent a copy of it to Triple's insurance agent; (2) she received several letters over the course of the next few months from the insurance company saying that Triple was not covered, which she mistakenly believed meant the insurance company was engaged, and (3) she realized the error when she received the entry of default and then retained counsel. (Whitehead Aff., Dkt. 24-1, at 2–3). In response, Slatter objects that (1) Triple's actions were willful and that there's no "information, evidence, or declarations" regarding the insurance company's denial of coverage, (2) Slatter will suffer prejudice in the form of additional attorney's fees, and (3) Triple has failed to present a meritorious defense. (Pl.'s Resp., Dkt. 26, at 3–7).

The Court disagrees with Slatter's assertion that Triple has provided no "information, evidence, or declarations" regarding the insurance company's denial of coverage. Whitehead's affidavit repeatedly states that its insurance company denied coverage. (Whitehead Aff., Dkt. 24-1, at 2–3). While Triple fails to explain how or why it believed that meant the insurance company was engaged to represent Triple or additional supporting evidence—such as the letters from the insurance company—Whitehead has submitted sworn testimony about what happened and stated that she "was reassured that [the insurance company was] still engaged." (*Id.* at 3). To the extent there is conflicting evidence or accounts, the Court is unable to conclude that Triple's default was willful. The Court is also unpersuaded by Slatter's argument regarding prejudice, especially because Triple was not unreasonably slow to correct its default. The Court finds that Triple's effort to file an Original Answer, (Dkt. 25), prior to the Court's entry of a default judgment also counsels in favor of resolving this matter in favor of Triple and in favor of resolving this case on the merits.

### B. Slatter's Failure to Serve AFS

To date, there is no indication that Slatter has served AFS with the complaint and summons. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant

3

or order that service be made within a specified time." Fed. R. Civ. P. 4(m). More than 90 days have passed since Slatter filed its complaint on April 24, 2020. (Dkt. 1).

### C. The Parties Failure to File an Agreed Proposed Scheduling Order

The Chesapeake Defendants filed an answer on June 23, 2020. (Dkt. 13). Contrary to this Court's local rules, the parties have not yet submitted a proposed scheduling order. *See* W.D. Tex. Loc. R. CV-16(c) (requiring that the parties to a case submit a proposed scheduling order to the court no later than 60 days after *any appearance of any defendant*). Given that the claims against Triple were subject to this order and that the claims against the Chesapeake Defendants have been stayed, the Court acknowledges that the obligation to file an agreed proposed scheduling order may have been unclear. However, with this order, the parties shall proceed with litigating this case.

### IV. Conclusion

For these reasons, the Court **DENIES** Slatter's Motion for Default Judgment. (Dkt. 23). The Court **GRANTS** Triple's Motion to Set Aside Entry of Default, (Dkt. 24), and Triple's Motion for Leave to File an Original Answer, (Dkt. 25).

**IT IS FURTHER ORDERED** that Slatter shall show cause in writing, on or before **November 2, 2020**, as to why the claims against AFS should not be dismissed for failure to timely effectuate service. Failure to do so may result in the dismissal of this action. *See* Fed. R. Civ. P. 41(b) (action may be dismissed for want of prosecution or failure to comply with court order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district court has authority to dismiss case for want of prosecution or failure to comply with court order).

**IT IS FINALLY ORDERED** that the parties consult the website for the United States District Court for the Western District of Texas (www.txwd.uscourts.gov), the "Judges' Info" tab, "Standing Orders," "Austin Division," and submit a joint proposed scheduling order using District Judge Robert Pitman's form on or before **November 9, 2020**.

**SIGNED** on October 26, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE